UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-23351-KMM

KARINA TSEDIK,

    Plaintiff,

vs.

1 YCM HOLDINGS, LLC, a Florida limited
liability company; and YANIV ELIYAHU,
individually,

    Defendants.
_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff KARINA TSEDIK, through undersigned counsel and or her Amended Complaint, sues Defendants 1 YCM HOLDINGS, LLC, a Florida limited liability company ("YCM"), and YANIV ELIYAHU, individually ("ELIYAHU"), and alleges as follows:

    1.    This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations, and for violation of 26 U.S.C. §7434.

    2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, the provisions of the FLSA, 29 U.S.C. §216(b), and 26 U.S.C. §7434.

    3.    Venue is proper in this Court as all actions complained of herein occurred in Miami Beach, Miami-Dade County, Florida, in the Southern District of Florida.

    4.    Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.

5. Defendant YCM is, and at all relevant times was, a Florida for-profit corporation doing business in Broward County, Florida. YCM is, and at all relevant times was, a company providing yacht charters and luxury car rental and leasing services that, upon information and belief, used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Defendant ELIYAHU is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ELIYAHU was and still is an owner and operator of YCM, was and still is an agent of YCM, and acted in the course and scope of his employment as owner and operator of YCM with regards to Plaintiff.

7. At all relevant times YCM was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, ELIYAHU was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of YCM in relation to Plaintiff, and regularly exercised authority to hire and fire employees of YCM, determined the work schedules of employees of YCM, set the rates of pay and compensation for employees of YCM, and controlled the finances and operations of YCM.

8. At all times during her employment with Defendants, from in or about June 11, 2014 through on or about May 11, 2020, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. At all relevant times Plaintiff was deliberately and intentionally misclassified by Defendants as an independent contractor when in fact she worked and performed services for

Defendants as an employee. Specifically, at all relevant times: (1) the services that Plaintiff performed for Defendants as their office manager were and are an integral part and primary function of Defendants' businesses; (2) Defendants fully and solely controlled Plaintiff's day-to-day work, including setting Plaintiff's work schedules, directing Plaintiff's work, and requiring Plaintiff to perform all work each week on Defendants' premises; (3) Plaintiff was provided and required by Defendants to use equipment and tools that were owned by Defendants; (4) Plaintiff was required to work at Defendants' premises for at least five days, and sometimes more, per week for full work days; (5) Plaintiff was not permitted to work, nor was given the time to work, for any other persons or companies doing similar work; and (6) Plaintiff was not permitted to offer or provide her work to any competing persons or businesses during her employment with Defendants. Defendants were aware at all relevant times that Plaintiff was an employee of Defendants, yet intentionally misclassified her as an independent contractor to avoid paying federal FICA tax, Social Security, and Medicare withholdings on her behalf, and to avoid paying her overtime per the requirements of the FLSA.

10. At all relevant times there was and is individual coverage of Plaintiff under the FLSA as she regularly and in the ordinary course and scope of her work for Defendants would use the instrumentalities of interstate commerce, such as the telephones, mail, internet, and email; would regularly by telephone, mail and email communicate with Defendants' customers and third party vendors located in states and countries outside the state of Florida; would regularly solicit and enter into contracts, car rentals and leases, and yacht charters with customers located in states and countries outside the state of Florida; would regularly purchase goods and supplies on behalf of Defendants from third parties located outside the state of Florida; and

would regularly handle goods, products, and materials that were manufactured and moved in interstate commerce.

11. Plaintiff was employed by Defendants as their office manager to handle all of Defendant's office matters, including payroll, communicating with and paying vendors and suppliers, communicating with customers, problem solving customer issues and complaints, responding to customer inquiries, handling bookkeeping and company paperwork matters, scheduling car rentals and leasing and yacht charters, and overseeing Defendant's day-to-day operations. For the three-year period immediately preceding the filing of this Complaint, Plaintiff was paid a regular hourly rate of $22.00, plus commissions on customers that she brought in. However, Plaintiff regularly worked more than forty (40) hours in one or more work weeks during the three-year period immediately preceding the filing of this Complaint, but was not paid the requisite full time and one-half overtime compensation for each hour worked more than forty (40) hours, as required by the FLSA. Specifically, although Plaintiff was paid her regular hourly rate for each hour she worked, including each overtime hour, she was not paid the extra half time rate of $11.00 per hour for each overtime hour, as required by the FLSA.

12. For the 32-month period preceding and through May 11, 2020, Plaintiff estimates that she worked a total of approximately 800 to 1,024 hours of overtime for which she is owed approximately $8,800.00 to $11,264.00 in overtime compensation based on a half-time rate of $11.00 per hour, and an approximately 640 to 800 hour of overtime for which she is owed approximately $21,120.00 to $26,400.00 based on a time and one-half rate of $33.00 per hour.

13. While Plaintiff kept and maintained some records of her pay and time records, the complete records of the compensation actually paid to Plaintiff should be in the possession, custody, and control of Defendants. However, upon information and belief Defendants failed to

keep and maintain any of the required records of hours worked by and wages paid to its employees, including Plaintiff, per the record-keeping requirements of the FLSA.

14. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

15. Plaintiff has hired the undersigned law firm to represent her in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

16. Plaintiff re-alleges paragraphs 1 through 15 as if set forth fully herein.

17. Under the FLSA, Defendants were obligated to pay Plaintiff one and one-half times her hourly pay rate for all hours she worked more than forty (40) hours per work week. However, Plaintiff worked more than forty (40) hours in one or more work weeks and was not paid the extra half-time premium for her overtime work.

18. Defendants have failed and refused to pay Plaintiff the required extra overtime pay for all hours Plaintiff worked more than forty (40) hours per work week, in violation of the FLSA overtime requirements under 29 U.S.C. §206(a).

19. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to one-half her regular hourly rate of pay of $22.00 for all overtime hours worked where she was paid straight time and one and one-half her regular hourly rate of pay of $22,.00 for all overtime hours she worked for which she received no compensation. Specifically, Plaintiff estimates that she worked a total of approximately 800 to 1,024 hours of overtime for which she is owed approximately $8,800.00 to $11,264.00 in overtime compensation based on a half-time rate of $11.00 per hour, and an approximately 640 to 800

hour of overtime for which she is owed approximately $21,120.00 to $26,400.00 based on a time and one-half rate of $33.00 per hour.

20. Defendants engaged in their overtime pay violations under the FLSA, including their intentional misclassification of Plaintiff as an independent contractor when in fact she was an employee, willfully, intentionally, and in reckless disregard of the rights of Plaintiff under the law.

21. Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all unpaid overtime as required under the FLSA, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED:  August 12, 2020.

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        4800 North Hiatus Road
        Sunrise, FL 33351-7919
        Telephone:  (954) 362-3800
        Facsimile:  (954) 362-3779
        Email:  rhannah@rhannahlaw.com


By    /s/ *Roderick V. Hannah*
        Roderick V. Hannah
        Fla. Bar No. 435384