UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23351-KMM

KARINA TSEDIK,

    Plaintiff,

v.

1 YCM HOLDINGS, LLC., a Florida
Limited liability company; and YANIV
ELIYAHU, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF AMENDED COMPLAINT WITH
PREJUDICE WITH SUPPORTING MEMORANDUM OF LAW**

    Plaintiff **KARINA TSEDIK** ("Plaintiff"), by and through her undersigned counsel, hereby moves for Court approval of the terms and conditions of the Settlement Agreement of the FLSA claim in the Amended Complaint (the "FLSA Settlement Agreement"). The FLSA Settlement Agreement fully resolves Plaintiff's claim against Defendants under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201, *et. seq.*[1]

    If the Court approves the FLSA Settlement Agreement, the Plaintiff respectfully requests dismissal of the above-captioned action with prejudice in its entirety, with the Parties to bear their own costs, fees, and expenses except as otherwise set forth in the FLSA Settlement Agreement. In support thereof, Plaintiffs state as follows:

---

[1] In her original Complaint, Plaintiff also had asserted Florida state law claims against the individual Defendant for civil theft and fraud. As those claims were separately and amicably resolved from the FLSA claim, Plaintiff filed the Amended Complaint dropping those state law claims.

1

## MOTION FOR APPROVAL OF FLSA SETTLEMENT
## AND DISMISSAL OF THE FLSA ACTION

1. Plaintiff filed her Amended Complaint in this lawsuit [ECF No. 11] asserting only a single claim against both Defendants for unpaid overtime under the FLSA.

2. To avoid the costs associated with continued litigation, and after detailed negotiations, the Parties reached a complete settlement of the FLSA claim asserted in the Amended Complaint. In accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Plaintiff seeks Court approval of the settlement of Plaintiff's FLSA claim and dismissal of the action with prejudice.

**WHEREFORE**, Plaintiff moves for court approval of the FLSA Settlement Agreement and for the entry of the proposed Order being submitted contemporaneously with this Motion, following which Plaintiff moves that the Amended Complaint be dismissed with prejudice and that the case be closed.

## SUPPORTING MEMORANDUM OF LAW

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable.

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for

approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL- 319GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption" in favor of finding a settlement fair) (citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), *adopted at* 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of adversarial proceedings, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance

3

of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Here, Plaintiff has made claims for unpaid overtime under the FLSA. While Defendants have not yet made a formal appearance in this case, Plaintiff and Defendant Yaniv Eliyahu formally mediated their dispute. As a result of that mediation, all claims in the lawsuit were amicably resolved and an FLSA Settlement Agreement was reached as to the FLSA claim, a copy of which is attached hereto as **Exhibit "A"**. Eliyahu denied Plaintiff's claims, and disputes that Plaintiff was ever an employee of defendant 1 YCM. Additionally, Eliyahu disputes that Plaintiff was entitled to any overtime and asserts that Plaintiff was an independent contractor. Plaintiff's ability to recover what it obtained in settlement of the FLSA claim was in question. Here, the FLSA Settlement represents an outcome that is reasonable given the facts of the case. Plaintiff and Eliyahu have stated that the proposed FLSA Settlement is reasonable and fair, and that in arriving at the proposed settlement they considered liability disputes, including; (1) whether Plaintiff was compensated properly for all wages in accordance with the FLSA; (2) whether Plaintiff is entitled to alleged liquidated damages and whether the alleged FLSA violations were willful; (3) whether Plaintiff was an independent contractor for the time periods upon which she sought relief in this case; and (4) the likelihood of Plaintiff's success on the merits. The Settlement Agreement attached hereto contemplates settlement and release by Plaintiff of all her claims against both Defendants under the FLSA and has been agreed to and executed by all the parties to his action.

As part of the FLSA Settlement, Defendant Eliyahu has agreed to pay to Plaintiff and her counsel the gross amount of twelve thousand dollars and zero cents ($12,000.00) (the "Settlement

Amount"), inclusive of all claimed unpaid overtime and backpay, liquidated damages, and attorney's fees and costs.

The Settlement Amount shall be paid as follows:

(a) Plaintiff shall receive two checks as follows: (i) check 1 in the amount of $4,000 for backpay; and (ii) check 2 in the amount of $4,000 for liquidated damages; and

(b) A check in the amount of $4,000 shall be made payable to the Law Offices of Roderick V. Hannah, Esq., P.A. Trust Account for all attorney's fees and costs incurred in this matter as to the FLSA claim.

Plaintiff's counsel stipulates that the amount being paid for attorney's fees and costs is fair and reasonable, and that Plaintiff accepts this amount in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. Specifically, Plaintiff's counsel contends that he has spent a total of 14.7 hours of attorney time to date in this case, at an hourly attorney rate of $450.00, and, taking into consideration attorney time efficiency and eliminating double and overlapping entries, has total recoverable attorney fees in the amount of $6,615.00. In addition, Plaintiff's counsel has incurred $900.00 in costs and expenses to date. The total amount of fees being paid to Plaintiff's counsel in settlement, minus the incurred costs, thus total $3,100.00. This is the equivalent of an hourly rate of $210.88, and the total amount being paid for claimed fees is a substantial reduction – approximately 53% less -- from the total fees incurred to date and thus should be considered fair and reasonable.

At the time of settlement, the Parties were represented by counsel experienced in FLSA litigation. Further, the settlement was a product of extended negotiations. Counsel, at the time of settlement, has zealously represented their clients' respective interests, and has negotiated a settlement that is acceptable to Plaintiff and Defendant Eliyahu.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

- (i)  approves the terms and conditions of the Settlement Agreement;

- (ii) dismisses the Amended Complaint in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement; and

- (iii) retaining jurisdiction to enforce the terms of the parties' FLSA Settlement Agreement should such enforcement be necessary. A proposed Order accompanies this Motion as **Exhibit "B."**

Dated:  September 17, 2020.

Respectfully submitted,

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        4800 North Hiatus Road
        Sunrise, FL 33351-7919
        Telephone:  (954) 362-3800
        Facsimile:   (954) 362-3779
        Email:  rhannah@rhannahlaw.com


        By      /s/ *Roderick V. Hannah*
                Roderick V. Hannah
                Fla. Bar No. 435384